CAUSE NO. 15063145t Novena

| | | |
|---|---|---|
| ROBERTO SALINAS AND | § | IN THE DISTRICT COURT |
| WI SALINAS | § | |
| *Plaintiffs* | § | |
| | § | |
| VS. | § | 305th JUDICIAL DISTRICT |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | |
| *Defendant* | § | MAVERICK COUNTY, TEXAS |
| | § | |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ROBERTO SALINAS AND WI SALINAS**, complaining of **ALLSTATE TEXAS LLOYD'S**, and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiffs are residents of Maverick County, Texas.

3. Defendant Allstate Texas Lloyd's is a Texas Corporation engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving its registered agent for the State of Texas: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III. JURISDICTION & VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Defendant Allstate Texas Lloyd's (hereinafter "Allstate") because it is engaging in the business of insurance in the State of Texas. Venue is proper in this county because the insured property is situated in Maverick County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.



EXHIBIT
A

JUN 0 8 2015

LEOPOLDO VIELMA
District Clerk, Maverick County, Texas
By _____ Deputy

## IV. FACTS

5. Plaintiffs are the owner of the Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Allstate.

6. Plaintiffs own the insured property, located at 1660 Quarry Street, Eagle Pass, Texas 78852 (hereinafter referred to as "the Property").

7. Allstate sold the Policy insuring the property to Plaintiffs.

8. On or about June 15, 2013, Plaintiffs sustained extensive physical damage to the insured Property. For two days in June 2013, strong thunderstorms moved through the Eagle Pass, Maverick County, Texas area dropping large amounts of rainfall in a short span of time. Eagle Pass, Texas received a record total of over 17 inches of rainfall as a result of these strong thunderstorms.

9. Plaintiffs submitted claims to the Defendant against the policy for damages to the Property as a result of the June 2013 storm. Plaintiffs requested that the Defendant cover the costs of these repairs pursuant to the policy they entered into with the Defendant.

10. The Plaintiffs reported the damage to the covered Property to the Defendant Allstate. The Defendant wrongfully denied Plaintiffs' claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiffs. Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiffs have with Defendant specifically excluded some repairs.

11. As of the date of this filing, the Defendant continue to delay in the payment for the damages to the property. As a result, Plaintiffs have not been paid the full value of the damages suffered to their home.

12. Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the policy.  In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant Allstate has categorically refused to pay the full proceeds available under the policy.  Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiffs.  Defendant Allstate's conduct constitutes a breach of the insurance contract between Plaintiffs and Defendant.

13. Defendant Allstate has misrepresented to Plaintiffs there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full.  Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

14. Defendant Allstate failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy.  Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code §541.060(a)(2)(A).

15. Defendant Allstate failed to adequately explain to Plaintiffs the reasons for its offer of an inadequate settlement.  Specifically, Defendant Allstate failed to offer Plaintiffs adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant Allstate did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim.  Defendant Allstate's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

16. Defendant Allstate's refused to fully compensate Plaintiffs, under the terms of the

Policy, even though Defendant Allstate failed to conduct a reasonable investigation. Specifically, Defendant Allstate performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

17. Defendant Allstate failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

18. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

19. Since the date Plaintiffs presented their claim to Defendant Allstate, the liability of Defendant Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Allstate has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

20. Defendant Allstate knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiffs.

21. As a result of Defendant Allstate's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action Against Defendant Allstate

22. Defendant Allstate is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### Breach of Contract

23. Defendant Allstate's conduct constitutes a breach of the insurance contract made between Defendant Allstate and Plaintiffs.

24. Defendant Allstate's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Allstate's insurance contract with Plaintiffs.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

25. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §5411.151.

26. Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

27. Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

28. Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

## Noncompliance With Texas Insurance Code: The Prompt Payment of Claims

29. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

30. Defendant Allstate's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

## Breach of the Duty of Good Faith and Fair Dealing

31. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

32. Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant Allstate knew or

should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## Fraud

33. Defendant Allstate is liable to Plaintiffs for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as he did, and which Defendant Allstate knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## Knowledge

36. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## VI. DAMAGES

37. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

38. As previously mentioned, the damages caused by this storm have not been properly addressed or repaired in the months and now years since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant Allstate's mishandling of Plaintiffs' claim in violation of the laws set forth above.

39. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

40. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. Tex. Ins. Code §541.152.

41. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

42. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

43. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

44. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

45. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices,

Plaintiffs are entitled to actual damages, which include their past and future medical expenses, that should have been paid pursuant to the policy, mental anguish, pain and suffering, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. Tex. Ins. Code §541.152.

46. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

48. In accordance with Rule 47, as amended, and with the information currently available, Plaintiffs seek monetary relief between $200,000.00 (two-hundred thousand) and $1,000,000.00 (one-million) dollars.

## VII. WRITTEN DISCOVERY

### Requests for Disclosure

50. Under Texas Rule of Civil Procedure 194, Plaintiffs request that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### Plaintiffs' 1st Requests for Production to Defendant Allstate

51. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc. If you make claim of privilege for any documents requested in this request for production, then pursuant to TRCP 193.3(b), consider these Plaintiffs' request that you identify the information and material withheld and the

specific privilege asserted by producing a privilege log of each document withheld.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they will show themselves justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By: _____

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

Cartwright Law Firm, LLP
1300 Post Oak Blvd, Suite 760
Houston, Texas 77056
(713) 840-0950
(713) 840-0046 (fax)

Mr. Dan Cartwright
State Bar No. 03942500

Ms. Lory Sopchak
State Bar No. 24076706
Lory@dcartwrightlaw.net

ATTORNEYS FOR PLAINTIFFS